[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTIONS FOR CONTEMPT AND MODIFICATION
CT Page 14548
After hearing, the court makes the following findings of fact:
In July of 1999 "the defendant left his residence in South Carolina with the twin daughters of the parties and removed to Montgomery, New York without informing the plaintiff. Although granted visitation rights in the 1998 judgment of dissolution the plaintiff was unable to exercise visitation with the children from June 30, 1999 to May 31, 2001. In this two year period the plaintiff did not know the whereabouts of the girls, now 11 years old, until they were located by a private search agency. Visitation resumed on May 31, 2001 and averaged two times a month to the present.
The defendant took this action wilfully, to punish the plaintiff for making, in his mind, unfounded complaints that he had sexually abused the children while in his care prior to and subsequent to the divorce. In each instance the charges have been unsubstantiated and the defendant sought to protect the children from further intrusive inquiry at mother's insistence, by keeping them away from her. Additional facts will be found as necessary.
The plaintiff seeks to have the court find the defendant in contempt for this and other conduct. She also seeks to modify custody of the girls which was given to the defendant in the 1998 decree.
The motion for contempt dated March 28, 2001, is granted. The evidence is overwhelming and the defendant admitted in testimony that he knowingly violated orders of the court relative to visitation and telephone contact.
Visitation shall continue at least twice monthly with the parties alternating the location of visits in New York and Connecticut as they are presently doing. Any cancellations, for whatever reason, shall be rescheduled for the next available weekday or weekend.
The reasonable transportation costs of the visits to New York by the plaintiff and the parties' other child, Stephen, shall be paid by the defendant until the court is satisfied that he will not violate its orders in the future.
The plaintiffs motion for contempt dated April 25, 2001 is denied. The court finds the defendant's testimony to be credible that he did enroll the girls in counseling in South Carolina as required by the 1998 decree. The court further finds he did not comply with the terms of the decree when he stopped the counseling without the permission of the CT Page 14549 court. He did so upon the advice of the counselor and the violation was not wilful.
The plaintiffs motion to modify custody dated March 28, 2001 is denied. The report of the family service officer (Defendant's Exhibit A) is replete with reasons why custody of the children should remain with the defendant. It would serve no purpose to repeat the reasons recited therein. What is most important to the court is the finding that the children have adjusted well to their new surroundings, their school work and activities. They should not be uprooted again, but renewed contact with the plaintiff and their brother is essential to their well being.
An incourt review shall be held on January 28, 2002.
Potter, J.